UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:09-CV-P60-H

ALFRED HAWKS                                                                                          PLAINTIFF

V.

LADONNA THOMPSON, et al.                                                                   DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Alfred Hawks, is an inmate in the Kentucky State prison system. He has asked for declaratory relief under 42 U.S.C. § 1983, alleging ex post facto violations, as well as due process violations. The basis of Plaintiff's complaint is the Parole Board's decision to deny him parole and order him to "serve-out" the remainder of his sentence. All Defendants have been dismissed except for LaDonna Thompson and the other executive branch officials. Defendant, LaDonna Thompson, has moved to dismiss the complaint. The motion applies equally to the other remaining Defendants. This Court agrees with the motion and for the reasons that follow will dismiss the complaint.

I.

The relevant facts are as follows: Plaintiff was convicted in the Shelby Circuit Court on June 1, 1983, and sentenced to a life sentence with the possibility of parole. Under the parole regulations in effect at that time, Plaintiff was eligible for parole after eight (8) years in prison. Plaintiff does not claim any violation of his rights in connection with his initial parole eligibility date.

Plaintiff alleges that the parole regulations in effect at that time also provided that the

"maximum deferment given at any one time shall be eight years."  He complains that the Parole Board's order requiring him to "serve-out" his sentence violates this regulation.  Specifically, Plaintiff argues that the "serve-out" order violates the language setting the maximum deferment at eight (8) years.  Plaintiff argues that the Parole Board's serve-out order was based upon more recent revisions of the parole regulations and was therefore an ex post facto violation.  Plaintiff also argues that the serve-out order violates his Fourteenth Amendment due process rights.

II.

Plaintiff lists LaDonna Thompson ("Thompson") (and her predecessors), as a defendant based upon her position as Commissioner of the Department of Corrections.  Plaintiff argues that in that capacity, Thompson has authority over the Kentucky Parole Board.

The Kentucky statutes governing the Parole Board and the Department of Corrections and the functions show otherwise.  First, the Governor appoints the Parole Board but does not control it.  It is attached to the Justice and Public Safety Cabinet for administrative purposes only.  The Department of Corrections has no authority over the Kentucky Parole Board.  Rather, the statute provides that the Department of Corrections is to provide any clerical, stenographic, administrative and expert staff assistance the Parole Board deems necessary to carry out its duties.  *See* KRS 439.320.  The Parole Board is an organizational unit within the Justice and Public Safety Cabinet, attached to the Cabinet for Administrative and Support Services only.  KRS 15A.030.  The Department of Corrections is a department within the Cabinet.  *See* KRS 15A.020.  Krs 196.026 lists the organizational units of the Department of Corrections (units over which the Commissioner of the Department of Corrections would have authority), and the Kentucky Parole Board is not listed.  Finally, KRS 196.070 lists the duties of the Department of

Corrections Commissioner, and exercising authority over the Kentucky Parole Board is not included.

Because the Department of Corrections Commissioner has no authority over the Parole Board, all the claims against LaDonna Thompson, as well as the claims against all current and former commissioners of the Department of Corrections, should be dismissed.

III.

Plaintiff claims that the Parole Board's order that he "serve-out" the remainder of his sentence violates his due process rights. Plaintiff makes no allegation that he was denied due process in his parole proceedings. Due process in parole proceedings only requires an opportunity for the inmate to be heard, and, if parole is denied, notice of the basis upon which parole is denied. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 16 (1979).

For Plaintiff to state a claim based upon an alleged violation of due process, he must have a valid liberty or property interest. *Kentucky Department of Corrections v. Thompson*, 490 U.S. 454, 460 (1989). A liberty or property interest must rise to more than "an abstract need or desire." *Thompson, citing Board of Regents v. Roth*, 408 U.S. 564, 577 (1972). A valid liberty interest must also be based upon more than a "unilateral hope." *Thompson, citing Connecticut Board of Pardons v. Dumschat*, 452 U.S. 458, 465 (1981). An individual must have a legitimate claim of entitlement. No liberty or property interest exist here because a convicted person has no particular right to be paroled before the expiration of a valid sentence. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979).

Under the parole system in Kentucky, Plaintiff has no legitimate claim of entitlement to parole. Because the state of Kentucky has a completely discretionary parole system, no state

created liberty interest in parole or parole eligibility exists. In Kentucky, parole is not a right, but rather a matter of legislative grace. *See Belcher v. Kentucky Parole Board*, 917 S.W.2d 584, 587 (Ky. App. 1996). It is a privilege and the denial of parole has no constitutional implications. *See Land v. Commonwealth*, 986 S.W.2d 440, 442 (Ky. 1999). Also, Plaintiff's eligibility for parole under Kentucky's discretionary parole system is not an "atypical and significant hardship" that would elevate it to a protected liberty interest under *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

Based upon this analysis, Plaintiff has no causes of action against any of the remaining Defendants.

IV.

Plaintiff argues that the Parole Board's order to serve out his sentence was based upon more recent revisions of the Parole Board regulations and was therefore an ex post facto violation. This does not appear to be true. The Parole Board's discretion had the discretion under its regulations to order the serve out. 501 KAR 1:011(2) states that after the initial review for parole, subsequent reviews, so long as confinement continues, shall be at the discretion of the Parole Board. Therefore, the Parole Board has complete discretion to decide subsequent reviews. Plaintiff's view that serve-outs were first mentioned in later regulations seems incorrect. 501 KAR 1:011, Section 5 mentions both serve-outs and deferments. This mention of serve-outs and deferments and the context of it ordering Plaintiff seems to clarify that, under 501 KAR 1:011, the Parole Board does have the option to decide that there would be no further reviews (order Plaintiff to serve out the remainder of his sentence) and also to defer further review of Plaintiff for parole for a period of time not to exceed eight (8) years. Ordering

4

Plaintiff to serve-out the remainder of his sentence with no further parole reviews was within the Parole Board's discretion under 501 KAR 1:011.

In order to ascertain whether an ex post facto violation has occurred, the Court must first determine whether a change in law or regulation creates a significant risk of increased punishment for the inmate. *California Dept. of Corrections v. Morales*, 514 U.S. 499 (1995).

Although it is clear that the Parole Board had the discretion to order Plaintiff to serve-out his sentence under either version of the regulations, its failure to do so did not result in an enhancement of punishment or elongation of Plaintiff's sentence. The change in the Kentucky Parole Board regulations did not create a significant risk of increased punishment for Plaintiff. Plaintiff received a life sentence and the changes in the regulations did not increase, or create a significant risk of increase to that sentence. Where there was a right to, or expectation of, parole, Plaintiff might argue that the change in Parole Board regulations created a significant risk of increased punishment. However, Plaintiff has no right to parole and no expectation that he will receive parole. In Kentucky, the decision to grant or deny parole is entirely discretionary with the Parole Board. *Belcher v. Kentucky Parole Board*, 917 S.W.2d 584 (Ky. App. 1996). Therefore, Plaintiff's sentence has remained the same and parole eligibility is of no consequence. Any retroactive application of Parole Board regulations did not create an unconstitutional ex post facto violation.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendants' motions to dismiss are SUSTAINED and Plaintiff's complaint is DISMISSED WITH PREJUDICE.

This is a final order.

cc: Plaintiff
 Counsel of Record